UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

WALTER LEE HICKS, JR. ]
    Plaintiff, ]
]
v. ] No. 1:12-0167
] JUDGE HAYNES
STATE OF TENNESSEE, et al. ]
    Defendants. ]

M E M O R A N D U M

    Plaintiff, Walter Lee Hicks, Jr., an inmate at the Marshall County Jail in Lewisburg, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: State of Tennessee, Lincoln County, Marshall County, and Jon Judge, a Tennessee state trooper. Plaintiff seeks damages arising out of the use of excessive force at his arrest.

    According to his complaint, on August 20, 2012, Plaintiff was arrested on several charges. During his arrest, a Tennessee State Trooper erroneously believed his life was in danger and fired five shots wounding Plaintiff and causing Plaintiff a lifetime disability. Plaintiff was flown to the Vanderbilt Medical Center for treatment. Plaintiff alleges this use of deadly force during a traffic stop was unnecessary and violated his constitutional rights.

    As to Defendant State of Tennessee, the State is not a person

that can be sued in a Section 1983 action. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 64 (1989).

As to Trooper Jon Judge, he is named only in his official capacity. An action against an individual in his official capacity is, in effect, an action against the employing governmental entity. <u>Matthews v. Jones</u>, 35 F.3d 1046,1049 (6th Cir.1994). In essence, then, Plaintiff's claim against Defendant Judge is against the State of Tennessee and is barred. <u>Hafer v. Melo</u>, 502 U.S. 21,25 (1991); *see also* <u>Johnson v. Dellatifa</u>, 357 F.3d 539, 545 (6th Cir.2004).

As to the Defendants Lincoln County and Marshall County, deputies from those counties were allegedly involved in Plaintiff's arrest. Yet, a Section 1983 claim against a local governmental entity requires factual allegations suggestive of a governmental policy, statement, regulation, decision or custom. <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 690, (1978). To be liable under § 1983, Plaintiff must allege a county policy or custom that is tied to the constitutional violation. <u>City of Canton v. Harris</u>,489 U.S. 378 (1989).

Plaintiff's factual allegations do suggest any local policy or regulation or custom that contributed to Plaintiff's injury. Thus, the Court concludes that Plaintiff fails to state a claim against Defendants Lincoln and Marshall Counties.

Absent an actionable claim, the Court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order is filed herewith.

WILLIAM J. HAYNES, JR.
Chief District Judge
11-21-12